**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | NO. 17-13176-jkf |
| **DONNA M. RIBECCHI** | ) | Chapter 13 |
| **Debtor** | ) | |
| | ) | MOTION FOR STAY RELIEF |
| SANTANDER BANK, N.A. | ) | 1303 Park Lane, Derby, PA |
| Movant | ) | |
| vs. | ) | |
| | ) | Hearing Date: __October 18, 2017__ |
| DONNA M. RIBECCHI | ) | Time: __9:30__ |
| Respondent | ) | Courtroom # __3__ |

**MOTION OF SANTANDER BANK, N.A FOR RELIEF FROM AUTOMATIC STAY**
_____

      SANTANDER BANK, N.A., formerly known as Sovereign Bank ("Santander Bank"), by and through its attorneys Gross McGinley LLP, respectfully presents the following Motion for Stay Relief pursuant to 11 U.S.C. 362(d) and, in support thereof, alleges as follows:

      1.    This Court has jurisdiction over this matter pursuant to 11 U.S.C. §157 and §1334, as well as 11 U.S.C. § 362.

      2.    On or about May 3, 2017, Debtor, DONNA M. RIBECCHI, filed a Petition for Relief under Chapter 13 of the United States Bankruptcy Code ("Petition for Relief").

      3.    By way of brief background, on or about September 23, 2011, the Debtor obtained a loan from Sovereign Bank, now known as Santander Bank, N.A., as evidenced by a Home Equity Line of Credit Agreement in the original principal amount of $33,000.00 secured by a first lien mortgage recorded October 12, 2011 ("Mortgage") upon the Debtor's real property known as 1303 Park Lane, Darby, Delaware County, Pennsylvania ("Premises").

      4.    Santander Bank is a secured creditor with a first lien mortgage upon the Premises.

5. On or about September 14, 2017, Santander Bank filed a Proof Claim (Claim # 8) reflecting a pre-petition arrearage of $0 and a total secured claim of $32,212.97 as of May 3, 2017. Santander Bank's Proof Claim and all attachments thereto are incorporated herein by reference.

6. The current monthly payment under the terms of the Note is $309.28.

7. Under paragraph 9 of Debtor's proposed Chapter 13 Plan, Debtor agreed to surrender the Premises to Santander Bank. Further, there is no or very little equity in the Premises over and above Santander Bank's secured claim.

8. Santander Bank had <u>not commenced</u> a mortgage foreclosure action against the Premises prior to this bankruptcy proceeding.

9. Pursuant to the terms of the Note and Mortgage, the Debtor is indebted to Santander Bank in the amount of $33,021.57, plus per diem interest of $4.83 from September 16, 2017, along with fees and costs recoverable under the Mortgage.

**Santander Bank, N.A., is entitled to Relief from
the Automatic Stay Pursuant to 11 U.S.C. Section 362(d)**

10. Pursuant to 11 U.S.C. Sections 362(d)(1), Santander Bank is entitled to relief from the automatic stay for sufficient cause, including the lack of adequate protection of Santander Bank's interest in the Premises in that:

    a) the interests of Santander Bank are not adequately protected by reason of the Debtor's failure to make post-petition payments of principal or interest due under the Note and Mortgage, Debtor's intentions to surrender the Premises, and the value of the Premises is static or decreasing while the liens and mortgages upon the Premises continue to increase;

    b) the interests of Santander Bank are not adequately protected due to the lack of fire/casualty insurance on the Premises.

WHEREFORE, Santander Bank, N.A., requests:

a) that the automatic stay issued pursuant to 11 U.S.C. Sections 362 be modified to allow Santander Bank to pursue all available Pennsylvania state court remedies against the Premises, including without limitation, a foreclosure upon and Sheriff Sale of the Premises;

b) such other additional relief as may be equitable and just under the circumstances.

Respectfully Submitted,

**GROSS McGINLEY LLP**

*/s/Thomas A. Capehart*
Thomas A. Capehart, Esq.
*Attorney for Santander Bank, N.A.*
33 S. 7th Street, PO Box 4060
Allentown, PA 18105
Phone No. 610-820-5450